UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KHALEEL RAHMAN HAAMID,

    Petitioner,

v.

ERIC RARDIN,

    Respondent.
_____/

Case No. 1:25-cv-12144

Hon. Thomas L. Ludington
United States District Judge

**OPINION AND ORDER OF SUMMARY DENIAL**

This is a *pro se* habeas case brought under 28 U.S.C. § 2241. Federal prisoner Khaleel Rahman Haamid, currently confined at the Federal Correctional Institution in Milan, Michigan, challenges a determination by the Federal Bureau of Prisons (BOP) that he is ineligible to earn credits toward his federal sentence under the First Step Act (FSA).

**I.**

On December 7, 2020, Petitioner Khaleel Haamid pleaded guilty to one count of possessing with intent to distribute forty grams or more of fentanyl, violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi). *See United States v. Haamid*, No. 2:19-cr-20769 (E.D. Mich. May 24, 2021). He was sentenced to eighty-four months in prison with four years of supervised release. *Id.* He has a current projected release date of September 14, 2027. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (inmate number 57952-039) (last accessed Oct. 16, 2025).

**II.**

After a habeas petition is filed, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rules Governing §

2254 Cases, R. 4; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions).

If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the district court has a duty to screen out petitions that lack merit on their face"). A dismissal under Rule 4 includes petitions that raise legally frivolous claims, as well as those containing factual allegations that are "palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999).

## III.

After undertaking a preliminary review, this Court concludes that Petitioner's Habeas Petition, ECF No. 1, does not withstand initial screening.

Petitioner challenges the BOP's determination that he is ineligible to receive credit toward his federal sentence under the FSA. ECF No. 1 at PageID.6, 9–11, 14. The BOP found him ineligible to receive FSA credits due to his offense of conviction. *Id.* at PageID.42, 60, 67–68, 74.

Under the FSA, prisoners who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or pre-release custody. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Certain categories of prisoners, however, are categorically ineligible to receive those credits due to their offense of conviction. *See* 18 U.S.C. § 3632(d)(4)(D). As relevant to this case, a prisoner is ineligible to receive such credits if he or she is serving a sentence for a conviction under:

> (lxvi) Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)),

relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C.A. § 3632 (d)(4)(D)(lxvi).

Petitioner was convicted of possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(vi). Because this conviction falls under 21 U.S.C. § 841(b)(1)(B)(vi), 18 U.S.C. § 3632(d)(4)(D)(lxvi) makes him ineligible to receive First Step Act (FSA) credits.

Petitioner asserts he previously received BOP documents showing that he was eligible for FSA credits, but he recently received new documents that list him as ineligible. ECF No. 1 at PageID.12–13. He asserts that he upheld "his part of the agreement" and that the BOP must now uphold its end and grant him the FSA credits. *Id.* at PageID.21. He asserts that his offense of conviction does not disqualify him because "there is no relevant statutory provision regarding fentanyl offenses." *Id.*

Petitioner is incorrect. His offense of conviction makes him categorically ineligible to receive FSA credits. Under 18 U.S.C. § 3632(d)(4)(D)(lxvi), individuals convicted of possession with intent to distribute 40 grams or more of a substance containing fentanyl are excluded from earning such credits. Petitioner has thus failed to show that the BOP erred in deeming him ineligible to receive credits toward his federal sentence under the FSA. *See, e.g., Gonzalez v. Eischen,* No. 24-CV-3740 (LMP/LIB), 2024 WL 4882737 (D. Minn. Nov. 25, 2024). Thus, habeas relief is not warranted. So the Petition, ECF No. 1, will be summarily denied with prejudice.

**IV.**

Accordingly, it is **ORDERED** that Petitioner's Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

- 4 -

**This is a final order and closes the case.**

Dated: October 17, 2025                                        s/Thomas L. Ludington  
                                                                                 THOMAS L. LUDINGTON  
                                                                                   United States District Judge