RECEIVED

NOV 0 6 2025

KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

KHALEEL RAHMAN HAAMID      |

     Petitioner,      |    Case No. 1:25-cv-12144

v.      |

ERIC RARDIN      |

     Respondent.      |

---

COMES NOW Petitioner, Khaleel Rahman Haamid, duly sworn, and writing in pro se, in necessity and first invoking **Cruz v. Beto**, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed.2d 263 (1972) holding by the Supreme Court that this court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, and respectfully moves this Honorable Court to reopen a previously denied 2241 habeas request on the grounds that the Sixth Circuit of Michigan inverted the statutory order of operations by deciding the merits of a request for a writ of habeas corpus based on adjudication.

Pursuant to **Buck v. Davis**, 137 S. Ct. 759 (2017) this court inverted the statutory order of operations in deciding the merits of this request which requires a granting of Rule 60(b)(1), because of the mistake in order of operations at the COA stage of the litigation, in order to correct the reviewing court's order denying the request for a writ of habeas corpus on the following grounds:

### I. LIMITED PROCEDURAL BACKGROUND

Petitioner raises this claim because he alleges that he is LEGALLY INNOCENT of the violation of **21 U.S.C. §841(a)(1) & (b)(1)(B)(vi)** and therefore would not fall under the videlicet of 18 U.S.C. §3632(d)(4)(D)(1xvi).

Petitioner further claims that there is no adequate evidentiary bases in the record for a finding that he would qualify for 21 U.S.C. §841(a)(1) & (b)(1)(B)(vi) however due to ineffective assistance of counsel, this was never properly mitigated. Petitioner contests that dismissing this would be improper where it is more than "plausible on its face" relief could be granted.

ISSUE

THE COURT SHOULD RECALL ITS MANDATE

The Court's dismissal of his request for a writ of habeas corpus was improper.
If the court looked into the merits of his claim  the court would see that relief can
in fact be granted.  This is because Petitioner's trial counsel was not affective in
arguing that the fentanyle in his case was not pure, it was 'cut'.   The court record
would also note that there is a 'lack of toxicology report' that would prove the proper
evidence to convict a charge of 21 U.S.C. § 841(b)(1)(B)(vi).

Therefore, it is more than 'plausible on its face' that relief could be granted.
Nothing prevents this Court from granting the relief requested.   Because Petitioner is
pro se,  pro se status means the court "must take as true the allegations of the petit-
ioner, unless they are clearly frivolous." **Moore v. United States**, 571 F.2d 179, 184 (3rd
Cir. 1978) as quoted in supreme court holding **Williams**, 615 F.2d 585 (CA 3 1980).

DUE PROCESS OF PROOF NEVER ESTABLISHED

Petitioner reminds the court that the the burden has never fallen on him to prove
to the court he was guilty of  841(a)(1) & (b)(1)(B)(vi).   It is the government that
must prove beyond a reasonable doubt every element of an offense. See **Victor v. Nebraska**,
511 U.S. 1, 5, 114 S. Ct. 1239, 127 L.Ed.2d 583 (1994).  A conviction or sentence imposed
in violation of a substantive rule is not just erroneous but contrary to law and, as a
result, void.  There is no grandfather clause that permits states to enforce punishments
the Constitution forbid.  See **Montgomery v. Louisiana**, 136 S. Ct. 718, 731 (2015).

THE TAKEAWAY:   Here, Petitioner can and does invoke the **principal of legality** to challenge
his conviction on 21 U.S.C. § 841(b)(1)(B)(vi) involving his conviction of possession with
intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C.  § 841(a)(1),
& (b)(1)(B)(vi).    Petitioner contest that it was 'not fully fentanyl, it was 'cut'
and it was his lawyers job to investigate the evidence CRITICAL to his charges. Failure
of his Sixth Amendment trial counsel to do so, lead to a mis-application of law because
his trial counsel failed to challenge the lack of a toxicology report to challenge the
enhancememt.

-2-

THE COURT IGNORED THAT HAD THE COURT PROPERLY MITIGATED THE CIRCUMSTANCES
PETITIONER WOULD NOW RECEIVE FSA

The principal of legality here is that, had the court taken a closer look at
how the case was resolved, the court would see that there was no accurate bases for
drawing an accurate conclusion that the case had inface proved the 40 grams or more
of fentanyl with out the toxicology report.      Neither the prosecution or the trial
counsel for Defendant were effective here.

Under **Lafler v. Cooper**, 566 U.S. 156, 162, 132 S. Ct. 1376, 182 L.Ed.2d 398
(2012) defense counsel is "constitutionally required" to provide advice about "the
sentence that the plea will produce"  and also advocate the defendant's cause in
arguing any charged conduct be dismissed that the government has not met the burden
to prove "beyound a reasonable doubt". See **Victor v. Nebraska**, 511 U.S. 1, 5, 114 S.
Ct. 1239, 127 L.Ed.2d 583 (1994).    see on point case :


**Wanatee v. Ault**

**39 F.Supp 2d 1164 (N.D. Iowa 1999)**

> (failure of trial counsel to not advise client of law applicable to the
> charge against him resulted in failure to make an informed decision to
> reject the plea bargain and the undersigned concluded that failure to ad-
> vise a criminal defendant of the relevant law is "deficient performance"
> sufficient to satisfy the first prong of the "ineffective  assistance"
> analysis. see **Hill v. Lockhart**,  474 U.S. 52, 106 S. Ct. 366.)


Petitioner asserts that his Sixth Amendment right to effective assistance of
counsel was violated when defense counsel failed to fully explain the charge of 18
U.S.C.  § 3632(d)(4)(D)(lxvi) that would make him ineligible for First Step Act, and
had his lawyer properly advised him that he could get FSA if he challenged the govern-
ments lack of evidence to apply a charge of 21 U.S.C. § 841(a)(1)&(b)(1)(B)(vi) he
would have told his lawyer to challenge the lack of both a toxicology report and the
sufficiency of the evidence that the 40 grams of fentanyl was legitimate.

Defense counsel's failure to explain the impact of the FSA goes beyond a mere omission or technical error -- it amounts to a failure to provide constitutionally effective assistance that undermined the plea negotiation process and caused Petitioner to lose FSA guaranteed credits for those who qualify, and counsel's failure to advise Petitioner regarding his eligibility for those credits significantly prejudiced the outcome of his case.

In **Bronson v. United States**, 2022 U.S. Dist LEXIS 137892 Civ. No. 192163 Crim. case No. 15-618 the court reaffirmed that "there is no doubt that **Strickland** also applies to the representation outside of the trial setting, which would include plea bargains, sentences, and appeal. (noting in pertant part **Lafler v. Cooper**, 566 U.S. 156, 132 S. Ct. 1376, 182 L.Ed.2d 398 (2012). Considering also the Supreme Court's agreement that the Ninth Circuit Court expressed in **MacFarlane v. Walter**, 179 F.3d 1131, 1141 (9th Cir. 1999)(noting that "crucial factor" was that additional incarceration was caused solely by indigency, and that "even a single extra day of incarceration is of substantial significance for constitutional purposes"), cert. granted, opinion vacated sub nom. **Lehman v. MacFarlane**, 529 U.S. 1106, 120 S. Ct. 1959, 146 L.Ed.2d 790 (2000).

## FAILURE TO EXPLAIN FSA AND ITS CONSEQUENCES CONSTITUTES INEFFECTIVE ASSISTANCE

One reason the Court should 'RECALL ITS MANDATE' is because Defendant should have been counseled by his trial counsel of the potential FSA benefits he would lose not fighting to suppress the lack of evidence in the 18 U.S.C. 3632(d)(4)(D)(lxvi) holding. This is because "reasonable performance of counsel includes an adequate invest-igation of the facts, consideration of viable theories, and developement of evidence to support those theories." **Lyons v. Luebbers**, 403 F.3d 585, 594 (8th Cir. 2005).; **People v. Wallace,** 187 A.D.2d 998, -99, 591 N.Y. S.2d 129, 130 (4th Dept. 1992)(finding attorney's failure to object to admission of evidence was ineffective assistance); **Smith v. Dretke**, 422 F.3d 269, 284 (5th Cir. 2005)(if trial counsel investigation was unreasonable, then making a fully informed decision as to sentencing stratagy would have been impossible)(citing **Wiggins**, 539 U.S. at 527-28; **Smith v. Robbins**, 528 U.s. 259 285, 120 S. Ct. 746, 145 L.Ed.2d 756 (2000).

As the Court explained in Smith v. Robbins, when Defendant's counsel failed to file a merits brief raising issues of the evidence or argue or even discover non-frivolous issues, and petitioner can raise these issues and show prejudice, he has met his burden.

## PETITIONER MET HIS REQUIREMENT TO SHOW THE COURT ISSUES OF COLOR TO GRANT A WRIT OF HABEAS CORPUS

Clearly Defendant is certain that by now the court has reached the same conclusion that was immediately appearant to Defendant when filing this request for a writ of habeas corpus, namely that he was not properly counseled by his Sixth Amendment trial counsel to fight the fentanyl violation of 841(a)(1) and (b)(1)(B)(vi) which would later disqualify him from FSA, even though he had a good chance of winning on a motion to drop the violation because the charge that he possessed 40 or more grams of fentanyl was not supported by either a toxicology report, or any evidence it was not 'cut' and therefore was not 'fully fentanyl.'

This prejudice his outcome of the trial because it caused him to lose his FSA status under 18 U.S.C. § 3632(d)(4)(D)(1xvi)

## CONCLUSION

Petitioner may not have perfectly addressed the issues of his request for a writ, but on the surface this claim had color and the court could have concluded that petitioner had adequately demonstrated that the argument he put forward was potentially meritorious under Martinez , 566 U.S., at 14 (holding that a claim is "substantial" if the petitioner can show that "the claim has come merit."

Petitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous", See also Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L.Ed.2d 353 (1993)(federal habeas relief is available where alleged constitutional error by the trial court had a substantial and injurious effect on the verdict); Strickland, 466 U.S., at 694(federal habeas relief for ineffective assistance of counsel is available where, absent counsel's deficient conduct, there is a reasonable probability of a different outcome).

THEREFORE,  Defendant does not think it would be inappropriate that he ask of the Court that it RECALL ITS MANDATE and reopen this case for another look at granting the request for a writ of habeas corpus.(See **EXHIBIT A regarding Valladares, 130 F. 4th 74, 2025 U.S. Court of Appeals (4th Cir.), attached herein.)**

I, KHALEEL RAHMAN HAAMID, hereby certify that a true and correct copy was mailed to the Clerk of Court's office at :

United States Court Of Appeals

For The Sixth Circuit

100 East Fifth Street, Suite 540

Cincinnati, OH 45202

Which is deemed filed at the time the inmate places the filing in the internal prison mail system. See Houston v. Lack, 487 U.S. 266 (1988) (Prison Mailbox rule).

Filed this 27th day of October, 2025
Under 28 U.S.C. § 1746.

KHALEEL RAHMAN HAAMID

/s/ *[signature]*

Reg. No. *57952-039*

DATE : October 27, 2025  Intials *10-26-25*

Milan Federal Correctional Institution

P.O. Box 1000

Milan, MI 48160-0190

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


KHALEEL RAHMAN HAAMID                                    page 1 of 6
          - VS -                              Case No. 25-12144
Eric Rardin, Warden,
      Respondent,                          Judge Thomas L. Ludington

_____


Reply To Petition for Writ of Habeas Corpus
_____

      The Court should grant Mr. Khaleel Haamid petition for
Habeas Corpus necause the BOP correctly deems him eligible to
receive time credits under the First Step Act based on his
Statute of Conviction.



Facts: (1) Mr. Haamid giving the BOP the benefit of the doubt even
if I had a conviction under 841(b)(1)(B)(vi) for fentanyl alone is not
a disqualifying offense, nor does it trigger ineligibility... Under
Title 18 U.S.C. 3632(d)(4)(D) Congress listed "68" categories that
make a prisoner ineligible and of those (68) categories only "(5)"
five refer to violations under the Controlled Substances Act... of those
(5) five, (3) three apply only "If the sentencing Court finds that
the offender was given points under USSG§3B1.2 as an organizer, leader,
manager, or supervisor of others in the offense as determined under
the guidelines promulated by the U.S. Sentencing Comission..." The
other (2) two apply only for a conviction involving a substantial risk
of death or serious bodily injury. (See Valladares, 130 F. 4th 74, 2025
U.S. Court of Appeals (4th Cir.) none of the above apply to my case.
Thus making me eligible to receive FSA FTCs Time Credits...
Therefore a conviction of 841(b)(1)(B)(vi) alone for a mandatory
sentence is not listed above... However if you do have a conviction
under 841(b)(1)(B)(vi) with one of the listed (5) above you would be
ineligible to receive FSA FTCs Time Credits... Again I was not listed
under these (5) five and therefore I should be granted to be restored
to eligible to receive FSA FTCs.

Mr. Khaleel Haamid      has a valid cause of action for obtaining
the application of FSA FTC to his sentence computation.

In the First Step Act, as part of its prison and sentencing
reforms, established incentives for federal inmates to participate
in rehabilitation programming. Eligible inmates who successfully
complete evidence-based recidivism reduction programming (EBBRs)
or productive activities (PAs) "shall earn 10 days of time credits
for every 30 days of successful participation." 18 U.S.C.§3632(d)
(4)(A)(i). An inmate determined "to be at a minimum or low risk
for recidivating, who, over 2 consecutive assessments, has not
increased their risk of recidivism, shall earn an additional 5
days of time credits for every 30 days of successful participation."
18 U.S.C.§3632(d)(4)(A)(ii).

Pursuant to 18 U.S.C.§3632(d)(4)(D)(lxviii), I am excluded from
receiving FSA Credits only if (1) I was sentenced under 21 U.S.C.
§§841(b)(1)(A) or (B), (2) the sentencing court found that the
offense involved a mixture or substance containing a detectable
amount of fantanyl; and (3) I was given points under U.S.S.G.§
3B1.2 as a organizer, leader, manager, or supervisor of others in
the offense.

I was not given points under U.S.S.G.§3B1.2, and thus my offense
does not qualify me for exclusion from receiving FSA points.

Under the rule of lenity, the exclusion language of subsection
(lxviii) applies rather than the more restrictive language of
subparagraph (lxvi), because any offense involving a mixture or
substance of 40 grams or more (the base amount for a §841(b)(1)
(B) sentence) containing a detectable amount of fentanyl by
definitions is sentenced under §841(b)(1)(B)(vi).

Section 841(b)(1) leaves no room for judicial discretion. If a
person violates 21 U.S.C.§841(a) and the violation involves a
substance specified in one of §841(b)'s subsections, that person
shall be sentenced according to the subsection corresponding to

2

the substance. Thus, if the controlled substance contains a
detectable amount of N-phenyl-N-[1-(2-phenylehtyl)-4-piperidinyl]
propenamide (which is fentanyl, see United States v. Jimenez-
Mendez, Case No. 2:19-cr-00151 [E.D. Pa. Feb. 23, 2021], 2021
U.S. Dist. LEXIS 33763, at *2), it must be sentenced according
to §841(b)(1)(A)(vi) if the substance weighs more than 100 grams
and §841(b)(1)(A)(vi) if the substance weighs more than 40 grams.

Thus, 18 U.S.C.§3632(d)(4)(D)(lxvi) includes all of the same
offenders within its sweep who may be subject to (lxviii) if
they happen to have U.S.S.G.§3B1.12 enhancements as well.
Subsection (lxvi) makes subsection (lxviii) surplusage, just as
subsection (lxviii) renders (lxvi) surplusage.

If (lxvi) is controlling, it would completely swallow the
limitations on exclusion of (lxviii) and render (lxviii)
surplusage. If a statute includes language "reasonably suceptible
to different interpretations," courts attempt to discern
Congress's intent by employing canons of statutoty construction.
United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020).

There are three canons of construction applicable in this case.
First, the court must give effect to all the words of the statute.
See In re WR Grace & Co., 729 F.3d 332, 341 (3d. Cir. 2013)
("courts should construe statutory language to avoid interpretations
that would render any phrase superfluous"); A. Scalia, READING
LAW 174-79 (Surplusage Canon) (2012). Second, the court must
read adjoining clauses in harmony to give effect to the provision
as a whole. See United States v. Morton, 467 U.S. 822, 828, 104
S. Ct. 2769, 81 L. Ed. 2d 680 (1984) ("We do not ... construe
statutory phrases in isolation; we read statutes as a whole.
Thus, the words [in question] must be read in light of the
immediately following phrase); READING LAW, supra at 180-82
(Harmonious-Reading Canon) (explaining that the requirement of
harmony among provisions is more imperative than most canons of
construction because intelligent drafters do not contradict
themselves)." United States v. Grasha, Case No. 18-325, (W.D. Pa.
August 10, 2020), 2020 U.S. Dist. LEXIS 142401, at *7-8).

The third and most important canon is the rule of lenity.
"In interpreting an ambiguous criminal statute, the court should
resolve the ambiguity in the defendant's favor. The rule of
lenity applies in those situations in which a reasonable doubt
persists about a statute's intended scope even after a resort
to the language and structure, legislative history, and
motivating policies of the statute. The rule is not properly
invoked simply because a statute requires consideration and
interpretation to confirm its meaning. It applies only if there
is such grievous ambiguity or uncertainty in a statute that,
after seizing everything from which aid can be derived, the Court
can make no more than a guess as to what Congress intended."
United States v. Kouevi, 698 F.3d 126, 138 (3d Cir. 2012),
United States v, Doe, 564 F.3d 305, 315 (3d Cir. 2009) (citations,
internal quotation marks and bracket omitted).

The rule of lenity applies not just to substantive criminal
statutes, but to guidelines and other statutes that affect how
long persons should languish in prison. The rule "serves our
nation's strong preference for liberty. As Judge Henry Friendly
explained, lenity expresses our 'instinctive distaste against
men languishing in prison unless the lawmaker has clearly said
they should.' United States v. Malik Nasir, 17 F.4th 459, 473
(3d Cir. 2021)(Bibas, J., concurring), quoting Henry J. Friendly,
Mr. Justice Frankfurter and the Reading of Statutes, BENCHMARKS
196, 209 (1967).

Applications of the first two canons resolve nothing, because the
two subsections cannot be harmonized. That being the case, the
rule of lenity must be invoked to hold that only the less
restrictive limitation on liberty - the provision in (lxviii)
excluding from FSA Credit participation those with 40 grams or
more of fentanyl who received U.S.S.G.§3B1.2 leader/organizer/
manager/supervisor enhancement - should apply.

4

"Generally, motions to contest the legality of a sentence must be filed uner §2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to §2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). A prisoner may challenge computation of his sentence or seek judicial review of any jail-time determination through a section 2241 petition. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (cleaned up) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus..."). The petitioner bears the burdern of proving that he is being held contrary to federal law by a preponderance of the evidence. See Lamber v. Blodgett, 393 F.3d 943, 969 n.16 (9th Cir. 2004).

See generally Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984), 104 S. Ct. 2778, 81 L. Ed. 2d 694, overruled by Loper, 144 S. Ct. at 2273. Chevron established a two-part framework for when a court reviews an agency's construction of a statute that the agency administers. If a statute is clear, "that is the end of the matter;" the court and agency "must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842-43. Where a statute is silent or ambiguous on a specific issue, however, Chevron required courts to show deference to an agency's interpretation -the question for the court was "whether the agency's answer is based on a permissible construction of the statute." Id. at 843.

In Loper, the Supreme Court explained that, under the Administrative Procedures Act ("APA"), it is the court's responsibility "to decide whether the law means what the agency says." Loper, 144 S. Ct. at 2261. "When the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court" is "to independently interpret the statute and effectuate the will of Congress subject to constitutional limits." Id. at 2263.

CONCLUSION

The Reponse to Petition for Writ of Habeas Corpus arguments, this is why Mr. Haamid    filed the Petition for  Writ of Habeas Corpus should be Granted and such other relief as the Court to deem just and proper.


The Petition for a Writ of Habeas Corpus should be Granted


                              Respectfully Submitted,
                              Khaleel Rahman Haamid
                              Reg. No. 57592-039  .
                              Federal Correctional Insitiution
                              P.O. Box 1000
                              Milan. Michigan 48160



Dated:

NOV 0 6 2025

KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

| | |
|---|---|
| KHALEEL RAHMAN HAAMID | \| |
| Petitioner, | \| Case No. 1:25-cv-12144 |
| v. | \| |
| ERIC RARDIN | \| |
| Respondent. | \| |

---

COMES NOW Petitioner, Khaleel Rahman Haamid, duly sworn, and writing in pro se, in necessity and first invoking Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed.2d 263 (1972) holding by the Supreme Court that this court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, and respectfully moves this Honorable Court to reopen a previously denied 2241 habeas request on the grounds that the Sixth Circuit of Michigan inverted the statutory order of operations by deciding the merits of a request for a writ of habeas corpus based on adjudication.

Pursuant to Buck v. Davis, 137 S. Ct. 759 (2017) this court inverted the statutory order of operations in deciding the merits of this request which requires a granting of Rule 60(b)(1), because of the mistake in order of operations at the COA stage of the litigation, in order to correct the reviewing court's order denying the request for a writ of habeas corpus on the following grounds:

## I. LIMITED PROCEDURAL BACKGROUND

Petitioner raises this claim because he alleges that he is LEGALLY INNOCENT of the violation of 21 U.S.C. §841(a)(1) & (b)(1)(B)(vi) and therefore would not fall under the videlicet of 18 U.S.C. §3632(d)(4)(D)(1xvi).

Petitioner further claims that there is no adequate evidentiary bases in the record for a finding that he would qualify for 21 U.S.C. §841(a)(1) & (b)(1)(B)(vi) however due to ineffective assistance of counsel, this was never properly mitigated. Petitioner contests that dismissing this would be improper where it is more than "plausible on its face" relief could be granted.

ISSUE

## THE COURT SHOULD RECALL ITS MANDATE

The Court's dismissal of his request for a writ of habeas corpus was improper. If the court looked into the merits of his claim the court would see that relief can in fact be granted. This is because Petitioner's trial counsel was not affective in arguing that the fentanyle in his case was not pure, it was 'cut'. The court record would also note that there is a 'lack of toxicology report' that would prove the proper evidence to convict a charge of 21 U.S.C. § 841(b)(1)(B)(vi).

Therefore, it is more than 'plausible on its face' that relief could be granted. Nothing prevents this Court from granting the relief requested. Because Petitioner is pro se, pro se status means the court "must take as true the allegations of the petit-ioner, unless they are clearly frivolous." **Moore v. United States**, 571 F.2d 179, 184 (3rd Cir. 1978) as quoted in supreme court holding **Williams**, 615 F.2d 585 (CA 3 1980).

## DUE PROCESS OF PROOF NEVER ESTABLISHED

Petitioner reminds the court that the the burden has never fallen on him to prove to the court he was guilty of 841(a)(1) & (b)(1)(B)(vi). It is the government that must prove beyond a reasonable doubt every element of an offense. See **Victor v. Nebraska**, 511 U.S. 1, 5, 114 S. Ct. 1239, 127 L.Ed.2d 583 (1994). A conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law and, as a result, void. There is no grandfather clause that permits states to enforce punishments the Constitution forbid. See **Montgomery v. Louisiana**, 136 S. Ct. 718, 731 (2015).

THE TAKEAWAY:   Here, Petitioner can and does invoke the **principal of legality** to challenge his conviction on 21 U.S.C. § 841(b)(1)(B)(vi) involving his conviction of possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1), & (b)(1)(B)(vi). Petitioner contest that it was 'not fully fentanyl' it was 'cut' and it was his lawyers job to investigate the evidence CRITICAL to his charges. Failure of his Sixth Amendment trial counsel to do so, lead to a mis-application of law because his trial counsel failed to challenge the lack of a toxicology report to challenge the enhancememt.

THE COURT IGNORED THAT HAD THE COURT PROPERLY MITIGATED THE CIRCUMSTANCES
PETITIONER WOULD NOW RECEIVE FSA

The principal of legality here is that, had the court taken a closer look at how the case was resolved, the court would see that there was no accurate bases for drawing an accurate conclusion that the case had inface proved the 40 grams or more of fentanyl with out the toxicology report.    Neither the prosecution or the trial counsel for Defendant were effective here.

Under **Lafler v. Cooper**, 566 U.S. 156, 162, 132 S. Ct. 1376, 182 L.Ed.2d 398 (2012) defense counsel is "constitutionally required" to provide advice about "the sentence that the plea will produce"  and also advocate the defendant's cause in arguing any charged conduct be dismissed that the government has not met the burden to prove "beyound a reasonable doubt". See **Victor v. Nebraska**, 511 U.S. 1, 5, 114 S. Ct. 1239, 127 L.Ed.2d 583 (1994).    see on point case :

### Wanatee v. Ault

### 39 F.Supp 2d 1164 (N.D. Iowa 1999)

> (failure of trial counsel to not advise client of law applicable to the charge against him resulted in failure to make an informed decision to reject the plea bargain and the undersigned concluded that failure to advise a criminal defendant of the relevant law is "deficient performance" sufficient to satisfy the first prong of the "ineffective assistance" analysis. see **Hill v. Lockhart**,  474 U.S. 52, 106 S. Ct. 366.)

Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated when defense counsel failed to fully explain the charge of 18 U.S.C.  § 3632(d)(4)(D)(lxvi) that would make him ineligible for First Step Act, and had his lawyer properly advised him that he could get FSA if he challenged the governments lack of evidence to apply a charge of 21 U.S.C. § 841(a)(1)&(b)(1)(B)(vi) he would have told his lawyer to challenge the lack of both a toxicology report and the sufficiency of the evidence that the 40 grams of fentanyl was legitimate.

-3-

Defense counsel's failure to explain the impact of the FSA goes beyond a mere omission or technical error -- it amounts to a failure to provide constitutionally effective assistance that undermined the plea negotiation process and caused Petitioner to lose FSA guaranteed credits for those who qualify, and counsel's failure to advise Petitioner regarding his eligibility for those credits significantly prejudiced the outcome of his case.

In Bronson v. United States, 2022 U.S. Dist LEXIS 137892 Civ. No. 192163 Crim. case No. 15-618 the court reaffirmed that "there is no doubt that Strickland also applies to the representation outside of the trial setting, which would include plea bargains, sentences, and appeal. (noting in pertant part Lafler v. Cooper, 566 U.S. 156, 132 S. Ct. 1376, 182 L.Ed.2d 398 (2012). Considering also the Supreme Court's agreement that the Ninth Circuit Court expressed in MacFarlane v. Walter, 179 F.3d 1131, 1141 (9th Cir. 1999)(noting that "crucial factor" was that additional incarceration was caused solely by indigency, and that "even a single extra day of incarceration is of substantial significance for constitutional purposes"), cert. granted, opinion vacated sub nom. Lehman v. MacFarlane, 529 U.S. 1106, 120 S. Ct. 1959, 146 L.Ed.2d 790 (2000).

## FAILURE TO EXPLAIN  FSA AND ITS CONSEQUENCES CONSTITUTES INEFFECTIVE ASSISTANCE

One reason the Court should 'RECALL ITS MANDATE' is because Defendant should have been counseled by his trial counsel of the potential FSA benefits he would lose not fighting to suppress the lack of evidence in the  18 U.S.C. 3632(d)(4)(D)(1xvi) holding.  This is because "reasonable performance of counsel includes an adequate invest-igation of the facts, consideration of viable theories, and developement of evidence to support those theories." Lyons v. Luebbers, 403 F.3d 585, 594 (8th Cir. 2005).; People v. Wallace,  187 A.D.2d 998, -99, 591 N.Y. S.2d 129, 130 (4th Dept. 1992)(finding attorney's failure to object to admission of evidence was ineffective assistance); Smith v. Dretke, 422 F.3d 269, 284 (5th Cir. 2005)(if trial counsel investigation was unreasonable, then making a fully informed decision as to sentencing stratagy would have been impossible)(citing Wiggins, 539 U.S. at 527-28; Smith v. Robbins, 528 U.s. 259 285, 120 S. Ct. 746, 145 L.Ed.2d 756 (2000).

As the Court explained in <u>Smith v. Robbins</u>, when Defendant's counsel failed to file a merits brief raising issues of the evidence or argue or even discover non-frivolous issues, and petitioner can raise these issues and show prejudice, he has met his burden.

## PETITIONER MET HIS REQUIREMENT TO SHOW THE COURT ISSUES OF COLOR TO GRANT A WRIT OF HABEAS CORPUS

Clearly Defendant is certain that by now the court has reached the same conclusion that was immediately appearant to Defendant when filing this request for a writ of habeas corpus, namely that he was not properly counseled by his Sixth Amendment trial counsel to fight the fentanyl violation of 841(a)(1) and (b)(1)(B)(vi) which would later disqualify him from FSA, even though he had a good chance of winning on a motion to drop the violation because the charge that he possessed 40 or more grams of fentanyl was not supported by either a toxicology report, or any evidence it was not 'cut' and therefore was not 'fully fentanyl. '

This prejudice his outcome of the trial because it caused him to lose his FSA status under 18 U.S.C. § 3632(d)(4)(D)(lxvi)

## CONCLUSION

Petitioner may not have perfectly addressed the issues of his request for a writ, but on the surface this claim had color  and the court could have concluded that petitioner had adequately demonstrated that the argument he put forward was potentially meritorious under <u>Martinez</u> , 566 U.S., at 14 (holding that a claim is "substantial" if the petitioner can show that "the claim has come merit."

Petitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous", See also <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L.Ed.2d 353 (1993)(federal habeas relief is available where alleged constitutional error by the trial court had a substantial and injurious effect on the verdict); <u>Strickland</u>, 466 U.S., at 694(federal habeas relief for ineffective assistance of counsel is available where, absent counsel's deficient conduct, there is a reasonable probability of a different outcome).

THEREFORE, Defendant does not think it would be inappropriate that ne ask of the Court that it RECALL ITS MANDATE and reopen this case for another look at granting the request for a writ of habeas corpus.(See **EXHIBIT A regarding Valladares, 130 F. 4th 74, 2025 U.S. Court of Appeals (4th Cir.), attached herein.**)

I, KHALEEL RAHMAN HAAMID, hereby certify that a true and correct copy was mailed to the Clerk of Court's office at :


United States Court Of Appeals For The Sixth Circuit

For The Sixth Circuit

100 East Fifth Street, Suite 540

Cincinnati, OH 45202


Which is deemed filed at the time the inmate places the filing in the internal prison mail system. See Houston v. Lack, 487 U.S. 266 (1988) (Prison Mailbox rule).


Filed this 27th day of October, 2025

Under 28 U.S.C. § 1746.


KHALEEL RAHMAN HAAMID

/s/ _[signature]_

Reg. No. 57952-039

DATE : October 27, 2025 Intials 10-2625


Milan Federal Correctional Institution

P.O. Box 1000

Milan, MI 48160-0190

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


KHALEEL RAHMAN HAAMID                                    page 1 of 6
          - VS -                                Case No. 25-12144
Eric Rardin, Warden,
       Respondent,                            Judge Thomas L. Ludington

_____

          Reply To Petition for Writ of Habeas Corpus
          _____

     The Court should grant Mr. Khaleel Haamid petition for
Habeas Corpus necause the BOP correctly deems him eligible to
receive time credits under the First Step Act based on his
Statute of Conviction.


Facts: (1) Mr. Haamid giving the BOP the benefit of the doubt even
if I had a conviction under 841(b)(1)(B)(vi) for fentanyl alone is not
a disqualifying offense, nor does it trigger ineligibility... Under
Title 18 U.S.C. 3632(d)(4)(D) Congress listed "68" categories that
make a prisoner ineligible and of those (68) categories only "(5)"
five refer to violations under the Controlled Substances Act... of those
(5) five, (3) three apply only "If the sentencing Court finds that
the offender was given points under USSG§3B1.2 as an organizer, leader,
manager, or supervisor of others in the offense as determined under
the guidelines promulated by the U.S. Sentencing Comission..." The
other (2) two apply only for a conviction involving a substantial risk
of death or serious bodily injury. (See Valladares, 130 F. 4th 74, 2025
U.S. Court of Appeals (4th Cir.) none of the above apply to my case.
Thus making me eligible to receive FSA FTCs Time Credits...
Therefore a conviction of 841(b)(1)(B)(vi) alone for a mandatory
sentence is not listed above... However if you do have a conviction
under 841(b)(1)(B)(vi) with one of the listed (5) above you would be
ineligible to receive FSA FTCs Time Credits... Again I was not listed
under these (5) five and therefore I should be granted to be restored
to eligible to receive FSA FTCs.

Mr. Khaleel Haamid     has a valid cause of action for obtaining
the application of FSA FTC to his sentence computation.

In the First Step Act, as part of its prison and sentencing
reforms, established incentives for federal inmates to participate
in rehabilitation programming. Eligible inmates who successfully
complete evidence-based recidivism reduction programming (EBBRs)
or productive activities (PAs) "shall earn 10 days of time credits
for every 30 days of successful participation." 18 U.S.C.§3632(d)
(4)(A)(i). An inmate determined "to be at a minimum or low risk
for recidivating, who, over 2 consecutive assessments, has not
increased their risk of recidivism, shall earn an additional 5
days of time credits for every 30 days of successful participation."
18 U.S.C.§3632(d)(4)(A)(ii).

Pursuant to 18 U.S.C.§3632(d)(4)(D)(lxviii), I am excluded from
receiving FSA Credits only if (1) I was sentenced under 21 U.S.C.
§§841(b)(1)(A) or (B), (2) the sentencing court found that the
offense involved a mixture or substance containing a detectable
amount of fantanyl; and (3) I was given points under U.S.S.G.§
3B1.2 as a organizer, leader, manager, or supervisor of others in
the offense.

I was not given points under U.S.S.G.§3B1.2, and thus my offense
does not qualify me for exclusion from receiving FSA points.

Under the rule of lenity, the exclusion language of subsection
(lxviii) applies rather than the more restrictive language of
subparagraph (lxvi), because any offense involving a mixture or
substance of 40 grams or more (the base amount for a §841(b)(1)
(B) sentence) containing a detectable amount of fentanyl by
definitions is sentenced under §841(b)(1)(B)(vi).

Section 841(b)(1) leaves no room for judicial discretion. If a
person violates 21 U.S.C.§841(a) and the violation involves a
substance specified in one of §841(b)'s subsections, that person
shall be sentenced according to the subsection corresponding to

2

the substance. Thus, if the controlled substance contains a
detectable amount of N-phenyl-N-[1-(2-phenylehtyl)-4-piperidinyl]
propenamide (which is fentanyl, see United States v. Jimenez-
Mendez, Case No. 2:19-cr-00151 [E.D. Pa. Feb. 23, 2021], 2021
U.S. Dist. LEXIS 33763, at *2), it must be sentenced according
to §841(b)(1)(A)(vi) if the substance weighs more than 100 grams
and §841(b)(1)(A)(vi) if the substance weighs more than 40 grams.

Thus, 18 U.S.C.§3632(d)(4)(D)(lxvi) includes all of the same
offenders within its sweep who may be subject to (lxviii) if
they happen to have U.S.S.G.§3B1.12 enhancements as well.
Subsection (lxvi) makes subsection (lxviii) surplusage, just as
subsection (lxviii) renders (lxvi) surplusage.

If (lxvi) is controlling, it would completely swallow the
limitations on exclusion of (lxviii) and render (lxviii)
surplusage. If a statute includes language "reasonably suceptible
to different interpretations," courts attempt to discern
Congress's intent by employing canons of statutory construction.
United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020).

There are three canons of construction applicable in this case.
First, the court must give effect to all the words of the statute.
See In re WR Grace & Co., 729 F.3d 332, 341 (3d. Cir. 2013)
("courts should construe statutory language to avoid interpretations
that would render any phrase superfluous"); A. Scalia, READING
LAW 174-79 (Surplusage Canon) (2012). Second, the court must
read adjoining clauses in harmony to give effect to the provision
as a whole. See United States v. Morton, 467 U.S. 822, 828, 104
S. Ct. 2769, 81 L. Ed. 2d 680 (1984) ("We do not ... construe
statutory phrases in isolation; we read statutes as a whole.
Thus, the words [in question] must be read in light of the
immediately following phrase); READING LAW, supra at 180-82
(Harmonious-Reading Canon) (explaining that the requirement of
harmony among provisions is more imperative than most canons of
construction because intelligent drafters do not contradict
themselves)." United States v. Grasha, Case No. 18-325, (W.D. Pa.
August 10, 2020), 2020 U.S. Dist. LEXIS 142401, at *7-8).

3

The third and most important canon is the rule of lenity.
"In interpreting an ambiguous criminal statute, the court should
resolve the ambiguity in the defendant's favor. The rule of
lenity applies in those situations in which a reasonable doubt
persists about a statute's intended scope even after a resort
to the language and structure, legislative history, and
motivating policies of the statute. The rule is not properly
invoked simply because a statute requires consideration and
interpretation to confirm its meaning. It applies only if there
is such grievous ambiguity or uncertainty in a statute that,
after seizing everything from which aid can be derived, the Court
can make no more than a guess as to what Congress intended."
United States v. Kouevi, 698 F.3d 126, 138 (3d Cir. 2012),
United States v, Doe, 564 F.3d 305, 315 (3d Cir. 2009) (citations,
internal quotation marks and bracket omitted).

The rule of lenity applies not just to substantive criminal
statutes, but to guidelines and other statutes that affect how
long persons should languish in prison. The rule "serves our
nation's strong preference for liberty. As Judge Henry Friendly
explained, lenity expresses our 'instinctive distaste against
men languishing in prison unless the lawmaker has clearly said
they should.' United States v. Malik Nasir, 17 F.4th 459, 473
(3d Cir. 2021)(Bibas, J., concurring), quoting Henry J. Friendly,
Mr. Justice Frankfurter and the Reading of Statutes, BENCHMARKS
196, 209 (1967).

Applications of the first two canons resolve nothing, because the
two subsections cannot be harmonized. That being the case, the
rule of lenity must be invoked to hold that only the less
restrictive limitation on liberty - the provision in (lxviii)
excluding from FSA Credit participation those with 40 grams or
more of fentanyl who received U.S.S.G.§3B1.2 leader/organizer/
manager/supervisor enhancement - should apply.

4

"Generally, motions to contest the legality of a sentence must
be filed uner §2255 in the sentencing court, while petitions
that challenge the manner, location, or conditions of a
sentence's execution must be brought pursuant to §2241 in the
custodial court." Hernandez v. Campbell, 204 F.3d 861, 864
(9th Cir. 2000). A prisoner may challenge computation of his
sentence or seek judicial review of any jail-time determination
through a section 2241 petition. See Nettles v. Grounds, 830
F.3d 922, 927 (9th Cir. 2016) (en banc) (cleaned up)
("Challenges to the validity of any confinement or to particulars
affecting its duration are the province of habeas corpus...").
The petitioner bears the burdern of proving that he is being
held contrary to federal law by a preponderance of the evidence.
See Lamber v. Blodgett, 393 F.3d 943, 969 n.16 (9th Cir. 2004).

See generally Chevron, U.S.A., Inc. v. Nat. Res. Def. Council,
Inc., 467 U.S. 837 (1984), 104 S. Ct. 2778, 81 L. Ed. 2d 694,
overruled by Loper, 144 S. Ct. at 2273. Chevron established a
two-part framework for when a court reviews an agency's
construction of a statute that the agency administers. If a
statute is clear, "that is the end of the matter;" the court and
agency "must give effect to the unambiguously expressed intent
of Congress." Chevron, 467 U.S. at 842-43. Where a statute is
silent or ambiguous on a specific issue, however, Chevron
required courts to show deference to an agency's interpretation
-the question for the court was "whether the agency's answer is
based on a permissible construction of the statute." Id. at 843.


In Loper, the Supreme Court explained that, under the
Administrative Procedures Act ("APA"), it is the court's
responsibility "to decide whether the law means what the agency
says." Loper, 144 S. Ct. at 2261. "When the best reading of a
statute is that it delegates discretionary authority to an
agency, the role of the reviewing court" is "to independently
interpret the statute and effectuate the will of Congress subject
to constitutional limits." Id. at 2263.

CONCLUSION

The Reponse to Petition for Writ of Habeas Corpus arguments, this is why Mr. Haamid  filed the Petition for  Writ of Habeas Corpus should be Granted and such other relief as the Court to deem just and proper.

The Petition for a Writ of Habeas Corpus should be Granted

Respectfully Submitted,
Khaleel Rahman Haamid
Reg. No. 57592-039
Federal Correctional Insitiution
P.O. Box 1000
Milan. Michigan 48160

Dated:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


KHALEEL RAHMAN HAAMID                                    page 1 of 6
         - VS -                                Case No. 25-12144
Eric Rardin, Warden,
      Respondent,                          Judge Thomas L. Ludington

---

Reply To Petition for Writ of Habeas Corpus

---

The Court should grant Mr. Khaleel Haamid petition for
Habeas Corpus necause the BOP correctly deems him eligible to
receive time credits under the First Step Act based on his
Statute of Conviction.


Facts: (1) Mr. Haamid giving the BOP the benefit of the doubt even
if I had a conviction under 841(b)(1)(B)(vi) for fentanyl alone is not
a disqualifying offense, nor does it trigger ineligibility... Under
Title 18 U.S.C. 3632(d)(4)(D) Congress listed "68" categories that
make a prisoner ineligible and of those (68) categories only "(5)"
five refer to violations under the Controlled Substances Act... of those
(5) five, (3) three apply only "If the sentencing Court finds that
the offender was given points under USSG§3B1.2 as an organizer, leader,
manager, or supervisor of others in the offense as determined under
the guidelines promulated by the U.S. Sentencing Comission..." The
other (2) two apply only for a conviction involving a substantial risk
of death or serious bodily injury. (See Valladares, 130 F. 4th 74, 2025
U.S. Court of Appeals (4th Cir.) none of the above apply to my case.
Thus making me eligible to receive FSA FTCs Time Credits...
Therefore a conviction of 841(b)(1)(B)(vi) alone for a mandatory
sentence is not listed above... However if you do have a conviction
under 841(b)(1)(B)(vi) with one of the listed (5) above you would be
ineligible to receive FSA FTCs Time Credits... Again I was not listed
under these (5) five and therefore I should be granted to be restored
to eligible to receive FSA FTCs.

Mr. Khaleel Haamid      has a valid cause of action for obtaining
the application of FSA FTC to his sentence computation.

In the First Step Act, as part of its prison and sentencing
reforms, established incentives for federal inmates to participate
in rehabilitation programming. Eligible inmates who successfully
complete evidence-based recidivism reduction programming (EBBRs)
or productive activities (PAs) "shall earn 10 days of time credits
for every 30 days of successful participation." 18 U.S.C.§3632(d)
(4)(A)(i). An inmate determined "to be at a minimum or low risk
for recidivating, who, over 2 consecutive assessments, has not
increased their risk of recidivism, shall earn an additional 5
days of time credits for every 30 days of successful participation."
18 U.S.C.§3632(d)(4)(A)(ii).

Pursuant to 18 U.S.C.§3632(d)(4)(D)(lxviii), I am excluded from
receiving FSA Credits only if (1) I was sentenced under 21 U.S.C.
§§841(b)(1)(A) or (B), (2) the sentecning court found that the
offense involved a mixture or substance containing a detectable
amount of fantanyl; and (3) I was given points under U.S.S.G.§
3B1.2 as a organizer, leader, manager, or supervisor of others in
the offense.

I was not given points under U.S.S.G.§3B1.2, and thus my offense
does not qualify me for exclusion from receiving FSA points.

Under the rule of lenity, the exclusion language of subsection
(lxviii) applies rather than the more restrictive language of
subparagraph (lxvi), because any offense involving a mixture or
substance of 40 grams or more (the base amount for a §841(b)(1)
(B) sentence) containing a detectable amount of fentanyl by
definitions is sentenced under §841(b)(1)(B)(vi).

Section 841(b)(1) leaves no room for judicial discretion. If a
person violates 21 U.S.C.§841(a) and the violation involves a
substance specified in one of §841(b)'s subsections, that person
shall be sentenced according to the subsection corresponding to

2

the substance. Thus, if the controlled substance contains a
detectable amount of N-phenyl-N-[1-(2-phenylehtyl)-4-piperidinyl]
propenamide (which is fentanyl, see United States v. Jimenez-
Mendez, Case No. 2:19-cr-00151 [E.D. Pa. Feb. 23, 2021], 2021
U.S. Dist. LEXIS 33763, at *2), it must be sentenced according
to §841(b)(1)(A)(vi) if the substance weighs more than 100 grams
and §841(b)(1)(A)(vi) if the substance weighs more than 40 grams.

Thus, 18 U.S.C.§3632(d)(4)(D)(lxvi) includes all of the same
offenders within its sweep who may be subject to (lxviii) if
they happen to have U.S.S.G.§3B1.12 enhancements as well.
Subsection (lxvi) makes subsection (lxviii) surplusage, just as
subsection (lxviii) renders (lxvi) surplusage.

If (lxvi) is controlling, it would completely swallow the
limitations on exclusion of (lxviii) and render (lxviii)
surplusage. If a statute includes language "reasonably suceptible
to different interpretations," courts attempt to discern
Congress's intent by employing canons of statutory construction.
United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020).

There are three canons of construction applicable in this case.
First, the court must give effect to all the words of the statute.
See In re WR Grace & Co., 729 F.3d 332, 341 (3d. Cir. 2013)
("courts should construe statutory language to avoid interpretations
that would render any phrase superfluous"); A. Scalia, READING
LAW 174-79 (Surplusage Canon) (2012). Second, the court must
read adjoining clauses in harmony to give effect to the provision
as a whole. See United States v. Morton, 467 U.S. 822, 828, 104
S. Ct. 2769, 81 L. Ed. 2d 680 (1984) ("We do not ... construe
statutory phrases in isolation; we read statutes as a whole.
Thus, the words [in question] must be read in light of the
immediately following phrase); READING LAW, supra at 180-82
(Harmonious-Reading Canon) (explaining that the requirement of
harmony among provisions is more imperative than most canons of
construction because intelligent drafters do not contradict
themselves)." United States v. Grasha, Case No. 18-325, (W.D. Pa.
August 10, 2020), 2020 U.S. Dist. LEXIS 142401, at *7-8).

The third and most important canon is the rule of lenity.
"In interpreting an ambiguous criminal statute, the court should
resolve the ambiguity in the defendant's favor. The rule of
lenity applies in those situations in which a reasonable doubt
persists about a statute's intended scope even after a resort
to the language and structure, legislative history, and
motivating policies of the statute. The rule is not properly
invoked simply because a statute requires consideration and
interpretation to confirm its meaning. It applies only if there
is such grievous ambiguity or uncertainty in a statute that,
after seizing everything from which aid can be derived, the Court
can make no more than a guess as to what Congress intended."
United States v. Kouevi, 698 F.3d 126, 138 (3d Cir. 2012),
United States v, Doe, 564 F.3d 305, 315 (3d Cir. 2009) (citations,
internal quotation marks and bracket omitted).

The rule of lenity applies not just to substantive criminal
statutes, but to guidelines and other statutes that affect how
long persons should languish in prison. The rule "serves our
nation's strong preference for liberty. As Judge Henry Friendly
explained, lenity expresses our 'instinctive distaste against
men languishing in prison unless the lawmaker has clearly said
they should.' United States v. Malik Nasir, 17 F.4th 459, 473
(3d Cir. 2021)(Bibas, J., concurring), quoting Henry J. Friendly,
Mr. Justice Frankfurter and the Reading of Statutes, BENCHMARKS
196, 209 (1967).

Applications of the first two canons resolve nothing, because the
two subsections cannot be harmonized. That being the case, the
rule of lenity must be invoked to hold that only the less
restrictive limitation on liberty - the provision in (lxviii)
excluding from FSA Credit participation those with 40 grams or
more of fentanyl who received U.S.S.G.§3B1.2 leader/organizer/
manager/supervisor enhancement - should apply.

4

"Generally, motions to contest the legality of a sentence must
be filed uner §2255 in the sentencing court, while petitions
that challenge the manner, location, or conditions of a
sentence's execution must be brought pursuant to §2241 in the
custodial court." Hernandez v. Campbell, 204 F.3d 861, 864
(9th Cir. 2000). A prisoner may challenge computation of his
sentence or seek judicial review of any jail-time determination
through a section 2241 petition. See Nettles v. Grounds, 830
F.3d 922, 927 (9th Cir. 2016) (en banc) (cleaned up)
("Challenges to the validity of any confinement or to particulars
affecting its duration are the province of habeas corpus...").
The petitioner bears the burdern of proving that he is being
held contrary to federal law by a preponderance of the evidence.
See Lamber v. Blodgett, 393 F.3d 943, 969 n.16 (9th Cir. 2004).

See generally Chevron, U.S.A., Inc. v. Nat. Res. Def. Council,
Inc., 467 U.S. 837 (1984), 104 S. Ct. 2778, 81 L. Ed. 2d 694,
overruled by Loper, 144 S. Ct. at 2273. Chevron established a
two-part framework for when a court reviews an agency's
construction of a statute that the agency administers. If a
statute is clear, "that is the end of the matter;" the court and
agency "must give effect to the unambiguously expressed intent
of Congress." Chevron, 467 U.S. at 842-43. Where a statute is
silent or ambiguous on a specific issue, however, Chevron
required courts to show deference to an agency's interpretation
-the question for the court was "whether the agency's answer is
based on a permissible construction of the statute." Id. at 843.


In Loper, the Supreme Court explained that, under the
Administrative Procedures Act ("APA"), it is the court's
responsibility "to decide whether the law means what the agency
says." Loper, 144 S. Ct. at 2261. "When the best reading of a
statute is that it delegates discretionary authority to an
agency, the role of the reviewing court" is "to independently
interpret the statute and effectuate the will of Congress subject
to constitutional limits."' Id. at 2263.

5

CONCLUSION

The Reponse to Petition for Writ of Habeas Corpus arguments, this is why Mr. Haamid    filed the Petition for   Writ of Habeas Corpus should be Granted and such other relief as the Court to deem just and proper.

The Petition for a Writ of Habeas Corpus should be Granted

Respectfully Submitted,
Khaleel Rahman Haamid
Reg. No. 57592-039
Federal Correctional Insitiution
P.O. Box 1000
Milan. Michigan 48160

Dated:

6

Khaleel Rahman Hamid
Reg. No. 57952-039
Milan Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160-0190



Retail

U.S. POSTAGE PAID
FCM LG ENV
MILAN, MI 48160
NOV 03, 2025

45202

$0.00

RDC 99

S2324P505163-46

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



9589 0710 5270 3449 4985 65

RECEIVED

NOV 06 2025

KELLY L. STEPHENS, Clerk

United States Court Of Appeals
Clerk of Court
100 East Fifth Street, Suite 540
Cincinnati, OH 45202

